# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JAMES L. SPICE, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    CAUSE NO.: 1:18-CV-112-TLS |
| INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and ROBIN MOTELY, in his individual and official capacity, | ) ) ) ) ) ) |
|     Defendants. | ) ) |

## OPINION AND ORDER

Plaintiff James Spice, proceeding pro se, filed a Complaint [ECF No. 1] against two Defendants: the Indiana Department of Workforce Development (IDWD) and Robin Motely, a caseworker at IDWD. He also filed a Motion for Leave to Proceed in Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and he is GRANTED additional time to amend his Complaint, accompanied either by the statutory filing fee or another Petition to Proceed Without Pre-Payment of Fees and Costs. If the Plaintiff fails to amend his Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their

inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion establishes that he is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*,

496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Plaintiff is attempting to sue the IDWD and one of its employees under § 1983. The Plaintiff alleges that the IDWD acted in violation of his 14th Amendment right to procedural due process during the course of his application for unemployment benefits.

To state a claim for procedural due process, a plaintiff must establish that he has been deprived of a protected liberty or property interest, and that the deprivation occurred without due process. *See Black Earth Meat Market, LLC v. Village of Black Earth*, 834 F.3d 841, 848 (7th Cir. 2016) (citing *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 870 (7th Cir. 2009)). If the state provides a remedy for the deprivation, then to state a claim, the plaintiff must allege that the available state remedy is constitutionally inadequate. *See Kauth v. Hartford Ins. Co. of Ill.*, 852 F.2d 951, 955-56 (7th Cir. 1988) (citing, among others, *Daniels v. Williams*, 474 U.S. 327, 339–40 (1986) (Stevens, J., concurring) ("[A] complaint does not state a valid procedural due process objection—and a valid § 1983 claim—if it does not include a challenge to the fundamental fairness of the State's procedures.")).

Here, a state remedy is available: Indiana law allows claimants to appeal agency decisions to the Court of Appeals of Indiana. *Owen Cty. ex rel. Owen Cty. Bd. of Comm'rs v. Indiana Dep't of Workforce Dev.*, 861 N.E.2d 1282 (Ind. Ct. App. 2007). The Plaintiff has not alleged that an appeal to the Indiana Court of Appeals would be constitutionally inadequate, and has therefore failed to state a claim.

Given the aforementioned, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court

grants the Plaintiff until August 13, 2018, to file an amended complaint consistent with this Opinion and Order. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). Along with an amended Complaint, the Plaintiff must also file a new Petition to Proceed Without Prepayment of Fees and Costs *or* pay the filing fee.

If the Plaintiff does not file an amended complaint by August 13, 2018, the Court will direct the Clerk to close this case. The Plaintiff may also pursue his claims in state court. *See Doe-2 v. McLean Cty. Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010).

## CONCLUSION

For the foregoing reasons, the Court:

(1) DENIES the Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No.2];

(2) DISMISSES WITHOUT PREJUDICE the Complaint [ECF No. 1];

(3) GRANTS the Plaintiff until August 13, 2018, to file an amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee; and

(4) CAUTIONS the Plaintiff that if he does not respond by the above deadline, this case will be dismissed without further notice.

SO ORDERED on July 10, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT